No. 12803

IN THE SUPREME COURT OF THE STATE OF MONTANA

1975

LURA B. MILKOVICH,

Plaintiff and Respondent,

-vs-

ARTHUR ORR and CAROL J. ORR,
husband and wife,

Defendants and Appellants.

Appeal from: District Court of the Fifth Judicial District,
Honorable Frank E. Blair, Judge presiding.

Counsel of Record:

For Appellants:

Chester L. Jones argued, Virginia City, Montana
Carl Davis, Dillon, Montana

For Respondent:

Corette, Smith and Dean, Butte, Montana
R. D. Corette, Jr. argued, and Gerald R. Allen,
argued, Butte, Montana

Submitted: January 13, 1975

Decided: FEB 13 1975

Filed: FEB 13 1975

*Thomas J. Kearney*
Clerk

Mr. Justice Wesley Castles delivered the Opinion of the Court.

This is an appeal from a judgment entered in Madison County decreeing specific performance of a contract for sale of real property. The case was tried without a jury. Findings of fact and conclusions of law were entered.

During the spring of 1972, plaintiff Lura Milkovich learned that defendants Orr had land for sale near Ennis, Montana. The Orrs advised Mrs. Milkovich to contact one Armitage, their real estate broker. On April 17, 1972, Lura Milkovich signed a "Receipt and Agreement to Sell and Purchase". Armitage then sent this contract to Costa Rica for the signatures of the Orrs. They signed the contract and returned it to Armitage. A duplicate original was then mailed to Milkovich.

The contract described the property as:

"11 Acres West of and adjoining present County Road in Section 23, Township 5 South, Range 1 West, MPM, including 10 inches of Jack Creek Water."

It also provided "Survey to be applied for and paid for by buyer."

In compliance with the contract, Milkovich ordered a survey during the late spring of 1972. A preliminary survey was prepared by an unlicensed engineer and thereafter one Donald Fenton was contacted to complete a survey. Fenton did so on August 12, 1972. The survey was approved by Armitage, Orrs' real estate agent, and by their counsel. Milkovich deposited $500 with Armitage.

The trial court sepcifically found Armitage had written authority to act for Orrs in the sale and that both Orrs ratified his actions.

The issues on appeal are:

(1) Did the trial court err in granting specific performance where the contract did not describe with particularity

the land sold?

(2) Did the trial court err in granting specific performance where the contract description was inconsistent with the final description?

(3) Did the trial court err in inserting into the judgment a provision for payment of a broker's commission when the broker is not a party to the action?

As to issues 1 and 2, appellants Orr cite Ryan v. Davis, 5 Mont. 505, 511, 6 P. 339, for the proposition that the legal description set forth in the written agreement is not complete and exclusive of all other lands and therefore is not sufficient to permit specific performance.

The agreement which the trial court ordered to be specifically enforced was signed by Milkovich on April 17, 1972. It was signed by the Orrs in Costa Rica a few days later. For several months after the agreement was signed there was no question raised as to the location of the property covered by the agreement. Performance was refused by the Orrs under the pretense that a mortgage release could not be obtained. Everyone at that time knew exactly the piece of property agreed upon. Both agents of the Orrs, Mr. Armitage and Mr. Jones, approved the survey secured by Milkovich, which described the property by metes and bounds. Some extrinsic evidence is necessary to connect the description in the original signed agreement, but the sellers' agents provide the connection. Such extrinsic evidence is admissible to explain a description in a writing.

In Ryan it is said:

" * * * it is not essential that the description have such particulars and tokens of identification as to render a resort to extrinsic aid entirely needless when the writing comes to be applied to the subject-matter. The terms may be abstract and of a general nature, but they must be sufficient to fit and comprehend the property

- 3 -

which is the subject of the transaction, so that, with the assistance of external evidence, the description, without being contradicted or added to, can be connected with, and applied to, the very property intended, and to the exclusion of all other property * * *."

It is a fundamental principle of law in Montana that a memorandum may consist of several writings. Anderson v. KFBB Broadcasting Corp., 143 Mont. 423, 391 P.2d 2.

The trial court used several of the writings of the parties and we see no error in so doing under the facts and circumstances here. Here, Milkovich not only made the down payment but secured the survey and had it approved by the Orrs' agents. These matters made the property description certain.

As to appellants' issue 3--the trial court inserted into the judgment a paragraph which reads:

"7. That a real estate commission of 6% of the selling price of the above-described property shall be paid to Jess C. Armitage as real estate agent for the Defendants, Sellers, said commission shall be $660.00, to be paid at the time of closing * * *."

There was no issue before the court on that subject. Armitage was not a party to the action, and it is obvious the real estate commission cannot be litigated here. The real estate agent here did not follow the property owners' directions to require certain restrictive covenants. Clearly, the owners do not owe a commission under circumstances such as these. Accordingly this item of the judgment is reversed and set aside.

In all other respects the judgment is affirmed. Each party shall pay its own costs.

Wesley Castles
Justice

- 4 -

We concur:

_____
Chief Justice

_____

_____
Justices

- 5 -